# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEADING TECHNOLOGY COMPOSITES, INC., | * * * | |
| | * | Civil Action No. CCB-19-1256 |
| v. | * * | |
| MV2, LLC. | * | |

## MEMORANDUM & ORDER

Pending before the court in this patent infringement action is MV2's third motion to stay pending LTC's appeal of the reexamination of Patent No. 8,551,598 (the "'598 patent") in light of the patent office's final rejection of the '598 patent claims as unpatentable (ECF 247). The USPTO recently issued a "Notice of Intent to Issue Ex Parte Reexamination Certificate" indicating that the '598 patent is being upheld based on an amended claim 7 and newly presented patentable claims 8 through 42. (ECF 257-1 at 4). Claims 1 through 6 remain cancelled. (*Id.*). As the USPTO's reexamination has concluded, MV2's rationale for a stay no longer exists, and the court will deny the motion to stay as moot.

The parties have submitted letters to the court indicating their positions regarding next steps in this litigation. LTC requests a telephonic conference to set a schedule for re-filing summary judgment and *Daubert* motions, as well as the trial of this case. (ECF 257). MV2 argues that the allowable amended and new '598 patent claims are substantively different from the claims before this court and thus this case is moot. MV2 seeks to file a motion to dismiss to that effect. (ECF 258 at 1). MV2 requests further briefing on two additional issues as well. It argues that the United States Supreme Court's recent opinion in *Minerva v. Hologic*, No. 20-440, --- S. Ct. ----, 2021 WL 2653265 (Jun. 29, 2021) curtailed the scope of the assignor estoppel doctrine and, if this case is not dismissed as moot, MV2 should be permitted to brief the issue whether the court should

1

apply the standard announced in *Minerva* and permit MV2 to raise invalidity arguments related to LTC's patent claims. (ECF 258 at 2). Finally, MV2 intends to file a motion arguing that LTC's patent is unenforceable under the "inequitable conduct" doctrine based on LTC's alleged failure to comply with its duty of disclosure under 37 C.F.R. § 1.555 by withholding from the Patent Office material evidence of prior art and use that was known to one or more inventors. (ECF 258 at 2). LTC opposes MV2's request to brief these three issues. (ECF 259). The court will address each request in turn.[1]

I. **Motion to Dismiss in Light of Amended Claims**

A final re-examination decision by the PTO is binding on concurrent, pending infringement litigation. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339–40 (Fed. Cir. 2013). Because LTC's claims have been amended during reexamination to render the patent valid, LTC's claims under the original patent must be dismissed as moot, unless the amended claims are "identical" to the original claim. *Id.*; *see also Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1304–05 (Fed., Cir. 2008); *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). "Identical does not mean verbatim, but means at most without substantive change. . . . An amendment that clarifies the text of the claim or makes it more definite without affecting its scope is generally viewed as identical. . . ." *Predicate Logic*, 544 F.3d at 1305 (quoting *Bloom*, 129 F.3d at 1250).

LTC concedes that it will not assert new claims 8 through 42 in this litigation, but argues that briefing a motion to dismiss regarding the amended claim 7 is frivolous because the scope of claim 7 did not change; it has simply been rewritten from a dependent to an independent form, citing *Bloom*, 129 F.3d at 1250. In *Bloom*, a change in a patent claim during reexamination from

---

[1] The parties may also wish to consider renewing settlement discussions with the assistance of Judge Gauvey.

2

the term "furnace" to "radiant tube" was not a substantive change as the change merely restated original claims in independent form. *Id.* But the court nevertheless affirmed that the patent holder could not proceed with its infringement claim because the addition of the words "separate from the combustion air stream" was a substantive change in the scope of the claim and not a clarification. *Id*. at 1250–51. *Bloom* further instructs that "there is no absolute rule for determining whether an amended claim is legally identical to an original claim," and that the determination "requires analysis of the scope of the original and reexamined claims in light of the specification, with attention to the references that occasioned the reexamination, as well as the prosecution history and any other relevant information." *Id.* at 1250. Claim 7 appears to restate much of the now cancelled claims 1 through 6, with several additional language changes. (*See* ECF 250-12). The court is not prepared to agree with LTC that claim 7 is identical to prior claims without additional briefing that will allow the court to engage in the careful and fact-specific analysis that *Bloom* describes. Accordingly, the court will permit MV2 to file a motion to dismiss which LTC may oppose.

## II. Assignor Estoppel After *Minerva*

The Supreme Court in *Minerva* reaffirmed the continued validity of the assignor estoppel doctrine, but clarified its scope. An assignor is not estopped from asserting an invalidity defense where they have made neither explicit nor implicit representations in conflict with an invalidity defense. 2021 WL 2653265, at *10. The Court announced three examples of such non-contradiction: (1) when an assignment occurs before an invention is patented; (2) when intervening changes in law render a once valid patent invalid; and (3) where an assignee patent holder broadens its claims following assignment such that the assignor did not warrant the new claims' validity. *Id.* In its memorandum resolving the issue of assignor estoppel in this case, (ECF 103), this court

noted that MV2 was not contesting that Bockbrader himself, a named inventor of the '598 patent, was estopped from asserting invalidity of the patent against LTC, and the court found privity between Bockbrader and MV2. (*Id.* at 9). Nothing in *Minerva* appears to undermine MV2's concession or the court's prior determination; accordingly, MV2 will not be permitted to brief *Minerva's* application to this case at this time.

III. **Unenforceability by Inequitable Conduct**

This Court has ordered that "MV2 may not challenge enforceability based on alleged inequitable conduct before the patent office or based on allegations that contradict Bockbrader's statements in his declarations as inventor." (ECF 103 at 9). It is not clear whether MV2's allegation that LTC failed to comply with 37 C.F.R. § 1.555 is an extension of that precluded argument. At this time, the court is not persuaded that MV2 should be permitted to assert an unenforceability challenge and, at any rate, considering such a challenge before the above indicated motion to dismiss has been briefed would be an inefficient use of court resources.

Accordingly, it is hereby ORDERED that:

1. MV2's motion to stay (ECF 247) is DENIED as moot;
2. The associated motion to seal (ECF 251) is GRANTED in accordance with the Agreed Protective Order entered in this case;
3. MV2 will be permitted to file a motion to dismiss the case as moot in light of the USPTO's reexamination; and
4. No further briefing will be permitted at this time.

7/12/2021                            /S/
  Date                                    Catherine C. Blake
                                            United States District Judge